UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10327-RCL

ONEBEACON AMERICA INSURANCE COMPANY
    Plaintiff,

v.

EASTERN YACHT SALES, INC.,
EASTERN YACHT SALES OF RHODE ISLAND, INC.,
ROBERT L LUSSIER, and
RONALD LUSSIER,
    Defendants.

### DEFENDANTS, EASTERN YACHT SALES, INC. AND EASTERN YACHT SALES OF RHODE ISLAND, INC.'S ANSWER AND COUNTERCLAIM

NOW COME the Defendants, Eastern Yacht Sales, Inc. and Eastern Yacht Sales of Rhode Island, Inc., and set forth their Answer and Counterclaim to the Plaintiff's Complaint as follows:

### ANSWER

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. This paragraph of the Complaint is introductory and does not require a response.

## COUNT I

9. Defendant repeats and re-alleges each and every statement as forth above as if fully restated herein.

    10.    Admitted.

    11.    Admitted.

    12.    Admitted.

    13.    Admitted.

    14.    Denied.

## COUNT II

15. Defendant repeats and re-alleges each and every statement as forth above as if fully restated herein.

    16.    Admitted.

    17.    Admitted.

    18.    Admitted.

    19.    Admitted.

    20.    Denied.

## COUNT III

21. Defendant repeats and re-alleges each and every statement as forth above as if fully restated herein.

    22.    Admitted.

    23.    Admitted.

    24.    Admitted.

    25.    Admitted.

26. Denied.

## COUNT IV

27. Defendant repeats and re-alleges each and every statement as forth above as if fully restated herein.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Denied.

## **COUNTERCLAIM**

NOW COME the Defendants/Plaintiffs-in-Counterclaim, Easter Yacht Sales, Inc. and Eastern Yacht Sales of Rhode Island, Inc. (hereinafter collectively referred to as "Eastern Yacht Sales"), and by way of answering in counterclaim state as follows:

## COUNT I
(Violation of M.G.L. Chapter 93A)

1. This action is brought pursuant to M.G.L. Chapter 93A.

2. The Plaintiffs-in-Counterclaim, Easter Yacht Sales, Inc. and Eastern Yacht Sales of Rhode Island, Inc., are both Delaware corporations doing business in Massachusetts and Rhode Island, respectively.

3. The Defendant-in-Counterclaim, OneBeacon America Insurance Company ("OneBeacon"), is a Massachusetts insurance corporation with a place of business at One Beacon Street, Boston, Massachusetts.

4. Easter Yacht Sales purchased a policy of marine insurance No. C5JH20189, for a term from May 23, 2003 to May 23, 2004, ("the Policy") which contained separate and

independent coverage for Marine Operators Legal Liability, for Protection and Indemnity Commercial General Liability and for Boat Dealers Insurance.

5. Pursuant to the terms of the Policy, OneBeacon is obligated to defend and indemnify Eastern Yacht Sales for claims arising from property damage/loss to the S/V Phoenix as a result of a fire on December 4, 2004 (hereinafter the "Claims").

6. Pursuant to the terms of the Policy, Eastern Yacht Sales demanded that OneBeacon defend and indemnify Eastern Yacht Sales with respect to any and all Claims in Civil Action No. 04-CV-11071-RCL ("the Civil Action").

7. OneBeacon has engaged in an unfair trade practice by refusing to defend or indemnify Eastern Yacht Sales in the Civil Action pursuant to the terms of the Policy.

8. On or about February 25, 2005, Eastern Yacht Sales delivered a demand letter ("the demand letter") to OneBeacon pursuant to M.G.L. Chapter 93A (a copy of which is attached hereto as Exhibit "A"), citing OneBeacon's failure to defend and indemnify Eastern Yacht Sales in the Civil Action as an unfair trade practice in violation of the Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A.

9. OneBeacon failed to respond to the demand letter and continues to refuse to defend or indemnify Eastern Yacht Sales in the Civil Action.

WHEREFORE, Eastern Yacht Sales prays for a judgment against OneBeacon for multiple damages, costs, expenses and attorneys' fees and further relief as this Honorable Court deems just and proper.

4

COUNT II
(Bad Faith)

10. Eastern Yacht Sales reaffirms and re-alleges its allegations contained in paragraphs 1 through 9 inclusive and above with the same force and effect as if more fully set forth herein.

11. The failure of OneBeacon to defend and/or indemnify Eastern Yacht Sales in the Civil Action pursuant to the terms of the Policy constitutes bad faith.

WHEREFORE, Eastern Yacht Sales prays for a judgment against OneBeacon for damages, costs and expenses incurred by Eastern Yacht Sales as a result of OneBeacon's wrongful conduct and further relief as this Honorable Court deems just and proper.

Defendants reserve the right to amend or supplement this Answer and Counterclaim at any time prior to trial.

**JURY DEMAND**

**DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM DEMAND A
TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

> Defendants,
> Eastern Yacht Sales, Inc. and
> Eastern Yacht Sales of Rhode Island, Inc.,
> By their attorney,
>
>
> /s/
> WILLIAM B. GOLDEN, ESQ.
> BBO # 198460
> Baker, Braverman & Barbadoro, P.C.
> 50 Braintree Hill Park, Suite 108
> Braintree, MA  02184
> (781) 848-9610

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of Defendants, Eastern Yacht Sales, Inc. and Eastern Yacht Sales of Rhode Island, Inc.'s, Answer and Counterclaim was served upon counsel of record for the parties at the following addresses in the following manner this 13th day of June 2005.

OneBeacon America Insurance Company:
**Electronically through the U.S.D.C. ECF filing:**

Robert E. Collins, Esq.
Thomas J. Muzyka, Esq.
Clinton & Muzyka
One Washington Mall, Suite 1400
Boston, MA  02108


Robert L. Lussier & Ronald Lussier:
**By First Class Mail:**

Robert G. Cohen, Esq.
Law Offices of Robert G. Cohen
188 Oaks Road
Framingham, MA  01702


                                              /s/
                                              WILLIAM B. GOLDEN, ESQ.
                                              BBO # 198460
                                              Baker, Braverman & Barbadoro, P.C.
                                              50 Braintree Hill Park, Suite 108
                                              Braintree, MA  02184
                                              (781) 848-9610

EXHIBIT A

# BAKER, BRAVERMAN & BARBADORO, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

50 BRAINTREE HILL PARK
SUITE 108
BRAINTREE, MASSACHUSETTS 02184-8724

WARREN F. BAKER
JONATHAN BRAVERMAN
PAUL N. BARBADORO
GENE J. GUIMOND

MICHAEL P. MURPHY
BRENDAN P. HALLIGAN
SUSAN M. MOLINARI
CHRISTOPHER J. SULLIVAN
LISA BOND

OF COUNSEL
WILLIAM B. GOLDEN
WILLIAM P. SWEENEY, II
DOROTHY O'FLAHERTY NEDELMAN

TELEPHONE
(781) 848-9610

TELECOPIER
(781) 848-9790

INTERNET ADDRESS
BBBS-LAW.COM

February 25, 2005

**_VIA FACSIMILE 305-789-9201_**

James N. Hurley, Esq.
Rowley, White & Burnett, P.A.
Espirito Santo Plaza
1395 Brickell Ave., 14th Floor
Miami, FL  33131

RE:   Lussier, et al v. Eastern Yacht Sales, Inc.

Dear Jim:

     As we have previously discussed, Eastern Yacht Sales, Inc. and Eastern Yacht Sales of Rhode Island, Inc. (the "Insureds"), both insured by One Beacon, are demanding that One Beacon defend both companies in the above-referenced action. The failure of One Beacon to defend the Insureds and the denial of their claim for coverage in this matter constitutes an unfair trade practice and is a violation of the Massachusetts Consumer Protection Statute M.G.L. Chapter 93A.

     I am forwarding to you herewith a report which I have just acquired today regarding the source and origin of the fire on the Phoenix. On the basis of this report and the sworn depositions of Patrick Turner and Jim Vander Hey, I am again demanding that One Beacon immediately assume the defense of this action with regard to the Insureds.

     I urge you to reconsider your previous wrongful and unfair refusal to defend and to accept coverage with regard to this claim. Should you fail to do so at this time, my client has authorized me to proceed to recover from One Beacon all costs, expenses and damages which result from your failure to honor your legal obligations with respect to this matter including, but not limited to, all attorneys' fees and double damages.

Sincerely,

WILLIAM B. GOLDEN